IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA LAW, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2171 |
| v. | |
| LUZERNE INTERMEDIATE UNIT 18, and LUZERNE INTERMEDIATE UNIT BOARD OF DIRECTORS, | (JUDGE CAPUTO) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are Defendants' Motion to Dismiss (Doc. 20) and Defendants' Motion to Strike (Doc. 22). For the reasons set forth below, I will grant Defendants' motion to dismiss.  In addition, I will grant Defendants' motion to strike in part and deny it in part.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**BACKGROUND**

Barbara Law is, and has long been, an employee of Defendant Luzerne Intermediate Unit 18.  (Doc. 1, at 1.)  In approximately July of 1998, Plaintiff and another employee, Lynn Makar, filed an internal complaint alleging sex discrimination.  (Doc. 1, at 2.)  On August 18, 1999, Plaintiff and Ms. Makar entered into a Release and Settlement Agreement ("Settlement Agreement") with Defendants.  (Doc. 1, ¶ 46, Ex. B.)  The Settlement Agreement resolved Plaintiff's claims of discrimination arising out of events prior to the execution of the release, and detailed monetary compensation to be awarded

1

to Plaintiff.  (Doc. 1, Ex. B.)

After execution of the agreement, on September 26, 2001, Defendants adopted a new organizational chart showing the relationship between the various levels of managerial employees.  (Doc. 1, ¶ 49.)  Plaintiff asserts that under the new structure, Plaintiff was required to report to male individuals who had previously been her equals.  (Doc. 1, ¶ 51.)  In addition, Plaintiff asserts that tasks that were previously performed by Plaintiff were listed under the job duties of male employees in the new organizational chart.  (Doc. 1, ¶ 52.)  Plaintiff contends that Defendants adopted the new organizational chart in retaliation for her previous claims of discrimination, and that Defendants continue to discriminate against Plaintiff on the basis of her sex.  (Doc. 1, ¶ 49.)

On October 24, 2005, Plaintiff filed an action with this Court.  (Doc. 1.)  On March 14, 2006, Defendants filed a Motion to Dismiss (Doc. 20) and a Motion to Strike (Doc. 22).  Both motions are fully briefed and ripe for disposition.

## DISCUSSION

**1.      Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the

complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

  **a.**  **Count V: Bad Faith Breach of Contract/Breach of Good Faith and Fair Dealing**

Defendants seek dismissal of Count V of Plaintiff's Complaint.  Namely, Defendants argue that Pennsylvania law recognizes a claim for breach of good faith and fair dealing in extremely narrow circumstance which do not apply to the present case.  I agree.

In the context of employment contracts, Pennsylvania law does not recognize a claim for breach of good faith and fair dealing as an independent cause of action which is separate from a breach of contract action.  *See, e.g., McGrenaghan v. St. Denis School*, 979 F. Supp. 323, 328 (E.D. Pa. 1997) (citing *Engstrom v. John Nuveen and Co., Inc.*, 668 F. Supp. 953, 958 (E.D. Pa. 1987)).  Therefore, Plaintiff's claim is subsumed within her breach of contract claim, which I will discuss momentarily.  As such, Defendants' motion to dismiss will be granted with regard to Plaintiff's claim for breach of good faith and fair dealing.

    **b.**    **Count VI: Breach of Contract**

Under Count VI of the Complaint, Plaintiff asserts a claim for breach of contract in which she alleges that:

> the release and settlement agreement previously reached between the Plaintiff and Defendants in this case on or about August 17, 1999,. . . included express and implied language that. . . the Plaintiff's position as a director within the Defendants' organization, of equal standing and status as the male directors, would continue for the rest of her working life, until age sixty-seven, and that her status with the Defendants as its employee would remain undisturbed.

(Doc. 1, ¶ 120.)  Defendants seek dismissal of Plaintiff's claim, arguing that the Settlement Agreement contains no express language that supports her claim.  Further, Defendants argue that the Court cannot interpret the contract to contain the implied rights alleged by Plaintiff because the Settlement Agreement contains the following integration clause:

> It is understood and agreed that this Release and Settlement Agreement contains the entire agreement between THE PARTIES and supersedes any and all prior

>       agreements, arrangements or undertakings between THE
>       PARTIES relating to the subject matter hereof. No oral
>       understandings, statements, promises or inducements
>       contrary to the terms of this agreement exist. The
>       Agreement cannot be changed orally and any changes or
>       amendments must be signed by Barbara Law, Lynn Makar
>       and Luzern Intermediate Unit.

(Doc. 1, Ex. B).

For the following reasons, I agree with Defendants and further find that Plaintiff's breach of contract claim is adequately addressed in her claims of discrimination and retaliation brought in Counts I-IV of the Complaint.  First, there is no language in the Settlement Agreement referring to Plaintiff's position or any right to employment for the rest of her working life.  Second, Plaintiff does not argue that Defendants failed to uphold the express terms of the Settlement Agreement; but rather Plaintiff asserts that the Settlement Agreement "does not release or discharge any claims for discrimination or retaliation. . . ." (Doc. 1, Ex. B).  Moreover, Plaintiff asserts in her response brief that, "the language within the agreement permits Plaintiff to bring an action in federal court for any action of retaliation, which is exactly what she is alleging, [thus] Count VI in Plaintiff's Complaint is appropriate."  (Doc. 32, at 12.)  Considering the above mentioned, I find that Plaintiff's claim in Count VI of the Complaint is adequately addressed in her claims of discrimination and retaliation.  As such, I will grant Defendants' motion to dismiss Plaintiff's breach of contract claim.

**2.      Motion to Strike**

Defendants also move to strike portions of Plaintiff's Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Rule 12(f) provides that:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

FED. R. CIV. P. 12(f).

Generally, a motion to strike will be denied, unless it can be shown that no evidence in support of the allegation would be admissible. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (3d Cir. 1976); *see also Lyon Fin. Servs. v. Woodlake Imaging, LLC*, No. 04-3334, 2005 U.S. Dist. LEXIS 2011, at *26 (E.D. Pa. Feb. 9, 2005) (stating same).  Accordingly, courts should not tamper with the pleadings unless there is a strong reason for so doing.  *Id.*

### a. Factual Averments Regarding Lynn Makar

Defendants, first, argue that Plaintiff's Complaint contains factual averments regarding Lynn Makar that are immaterial and irrelevant to Plaintiff's claims.  Specifically, Defendants argue that the averments should be stricken because both Ms. Makar and Plaintiff waived their claims arising out of the factual allegations in the Settlement Agreement.  Plaintiff counters that the factual allegations with respect to Ms. Makar are discoverable and admissible.  In particular, Plaintiff cites *MacDonald Douglas Corp. v. Green*, 411 U.S. 792 (1973), *MacDonald Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), and *Hurley v. Atlantic City Police Department*, 174 F.3d 95 (3d Cir. 1999), amongst others, for the proposition that an employer's conduct towards other employees

is both relevant and admissible to show that an employer's proffered reasons for its actions are a pretext for discrimination.

I agree with the Plaintiff that the factual averments in question are not so removed from the present case that they are clearly inadmissible or irrelevant. As such, I cannot justify tampering with the pleadings in this case. Accordingly, at this point in the pleadings, the allegations will remain in the Complaint. Defendants' motion to strike will be denied with respect to Plaintiff's factual averments regarding Ms. Makar.

### b.    **Punitive Damages**

Defendants, next, request that Plaintiff's claims for punitive damages be stricken from the Complaint. Specifically, Defendants argue that an award of punitive damages against a governmental entity is prohibited unless expressly authorized by statute; and that punitive damages cannot be recovered from an individual defendant acting in his official capacity. *See, e.g., Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir. 1988). Plaintiff counters that Defendants' motion should not be granted because Defendants have not cited cases specifically dealing with a claim for punitive damages against a governmental entity pursuant to Title VII. For the following reasons, I find Plaintiff's reasoning to be unpersuasive.

The law is clear that a governmental entity cannot be liable for punitive damages under Title VII. *See, e.g., Titus v. Moon Area Sch. Dist.*, No. 06-0074, 2006 U.S. Dist. LEXIS 11031, at * (W.D. Pa. March 17, 2006) (citing *Raie v. City of Philadelphia*, No. 99-1291, 2001 U.S. Dist. LEXIS 11267, at *28 (E.D. Pa. July 31, 2001)). Furthermore, punitive damages are not available under the PHRA. *See Hoy v. Angelone*, 720 A.2d

745, 751 (Pa. 1998); *Gagliardo v. Connaught Laboratories, Inc.*, 311 F.3d 565, 570 n.3 (3d Cir. 2002).  Given the state of the law, Plaintiff cannot recover punitive damages from Defendants for violations of Title VII or the PHRA.  Therefore, I will grant Defendants' motion to strike Plaintiff's punitive damages claims.

## CONCLUSION

In the context of employment contracts, Pennsylvania law does not recognize a claim for breach of good faith and fair dealing as an independent cause of action which is separate from a breach of contract action.  Therefore, Plaintiff's claim in Count V of the Complaint is subsumed within her breach of contract claim.  As such, Defendants' motion to dismiss will be granted with regard to Plaintiff's claim for breach of good faith and fair dealing.

Second, Plaintiff's claim in Count VI of the Complaint is adequately addressed in her claims of discrimination and retaliation.  As such, I will grant Defendants' motion to dismiss Plaintiff's breach of contract claim.

Third, the factual averments in the Complaint regarding Lynn Makar are not so removed from the present case that they are clearly inadmissible or irrelevant.  As such, Defendants' motion to strike will be denied with respect to Plaintiff's factual averments regarding Ms. Makar.

Lastly, given the state of the law, Plaintiff cannot recover punitive damages from Defendants for violations of Title VII or the PHRA.  Therefore, I will grant Defendants' motion to strike Plaintiff's punitive damages claims.

An appropriate Order will follow.

| | |
|---|---|
| May 25, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BARBARA LAW, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2171 |
| v. | (JUDGE CAPUTO) |
| LUZERNE INTERMEDIATE UNIT 18, and LUZERNE INTERMEDIATE UNIT BOARD OF DIRECTORS, | |
| Defendants. | |

## ORDER

**NOW**, this ___25th___ day of May, 2006, **IT IS HEREBY ORDERED** that:

a.  Defendants' Motion to Dismiss (Doc. 20) is **GRANTED**.

b.  Defendants' Motion to Strike (Doc. 22) is **GRANTED in part** and **DENIED in part**:

   i.  Defendants' motion is **DENIED** with respect to Plaintiff's factual averments regarding Lynn Makar.

   ii. Defendants' motion is **GRANTED** with respect to Plaintiff's claims for punitive damages.

       /s/ A. Richard Caputo
       A. Richard Caputo
       United States District Judge